IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THE PRESIDENT CASINO BROADWATER
RESORT GROUP HEALTH PROTECTION
PLAN                                                                                               PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 1:04cv523WJG-JMR

MEMORIAL HOSPITAL AT GULFPORT                                                 DEFENDANT

MEMORANDUM OPINION

This cause is before the Court on motions of the Defendant, Memorial Hospital at Gulfport [Memorial] to dismiss [15-1] pursuant to Federal Rules of Civil Procedure 12(b)(6). Also pending before the Court are motions for summary judgment filed by Memorial [35-1] and The President Casino Broadwater Resort Group Health Protection Plan [the Plan] [37-1]. The Court has duly considered the record in this action, in addition to the briefs of counsel, and being otherwise fully advised in the premises, concludes as follows.

Standard of Review

The court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff when deciding a motion to dismiss for lack of subject matter jurisdiction or failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) & (6). *Baker v. Putnal*, 75 F.3d 190, 196 (1996). Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-9 (5th Cir. 2000) (quotations and citation omitted). This principal only holds true when the motion is brought under Rule

12(b)(6) for failure to state a claim; a motion to dismiss for lack of subject matter jurisdiction with attachments is not automatically converted to a motion for summary judgment. *Ronoset v. Carroll*, 113 F. Supp.2d 1009, 1017 (S.D. Miss. 2000). When considering a motion to dismiss for failure to state a claim, however, if the court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56(c). *Tuley v. Heyd,* 482 F.2d 590, 592 (5th Cir. 1973).

## Statement of Facts

The Plan filed suit pursuant to the Employee Retirement Income Security Act of 1974 [ERISA], 29 U.S.C. § 1132. (Compl., p. 1.) According to the allegations of the amended complaint, several employees of the President Casino Broadwater Resort [President] sought treatment at Memorial and as a result, the Plan submitted payment for the treatment to Memorial. (Ct. R., Doc. 4, pp. 2–4.) Subsequent audit of these payments allegedly reflect that the Plan overpaid Memorial for the treatments. (*Id*., pp. 3-4.) The Plan contends that Memorial's policy provides that group health plans must pay a claim prior to an audit, then should the audit reveal that a plan has overpaid a claim, Memorial agrees to submit reimbursement for the overpayments. (*Id*., p. 4.) Accordingly, the Plan asserts a claim for judgment against Memorial in the amount of $39,097.91; pre-judgment interest; attorney's fees; costs of the action; and "all other relief deemed just and proper by the Court." (*Id*., p. 5.)

The Plan contends that it has demanded reimbursement from Memorial for the overpayments for the employees outlined in the complaint. (Ct. R., Doc. 18, p. 2.) The Plan maintains that in January 2004, Memorial indicated it would submit reimbursement to the Plan, but as of the date of the complaint, May 14, 2004, payment was not submitted. (*Id*.) The Plan asserts

that it is seeking equitable restitution, and that the Court should allow it to amend its complaint to reflect this claim, rather than dismissing the complaint.  (Ct. R., Doc. 18, p. 10.)

According to Memorial, it is not a signatory to any Plan documents and has no contractual relationship with the Plan.  (Ct. R., Doc. 16, p. 1.)  Memorial asserts that ERISA proscribes the relief requested by the Plan, and that the Court lacks subject matter jurisdiction over the claims brought under ERISA.  (*Id*., p. 2.)  Memorial further asserts that the state law claims for unjust enrichment are preempted under ERISA.  (*Id*.)  In the alternative, Memorial argues that the Plan has failed to state a claim upon which relief can be granted.  (*Id*.)

Memorial contends that ERISA does not authorize entities such as the Plan to pursue legal remedies against third-party healthcare providers.  (*Id*.)  Memorial asserts that only fiduciaries are authorized to pursue equitable relief under 29 U.S.C. § 1132(a)(3).  (*Id*., p. 4.)  Equitable restitution is the only possible remedy available to the Plan under ERISA, according to Memorial.  (*Id*.)

Memorial asserts that the Plan failed to properly plead an equitable remedy authorized by 29 U.S.C. § 1132(a)(3), and alleges that because of this failure, the Court lacks subject matter jurisdiction over the case.  (*Id*., p. 6.)  Memorial contends that the Plan cannot identify specific funds which Memorial owes to the Plan and that the Plan seeks a legal remedy which is not authorized by ERISA.  (*Id*.)

The Plan asserts that because it seeks reimbursement of allegedly overpaid funds, it is seeking equitable relief.  (Ct. R., Doc. 18, pp. 3-7.)  The Plan asserts that it can establish that it seeks equitable relief because the Plan claims that the funds sought are specifically identifiable as the payments made by the Plan for the benefit of four participants.  (*Id*., p. 8.)  The Plan contends

that it is seeking a remedy for the alleged unjust enrichment of Memorial, which meets the criteria for federal jurisdiction.  (*Id.*, pp. 8-10.)

## Discussion

29 U.S.C. § 1132(a)(3) provides that an action may be brought by a fiduciary under three circumstances:  (1) for appropriate relief under 29 U.S.C. § 1109; (2) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan; or (3) to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this subchapter or the terms of the plan.  The first provision can be brought against a fiduciary for breach of fiduciary duties.  This is not applicable in this case.

Plaintiff in this case has not sought to enjoin any act or practice employed by the Plaintiff.  Here, Plaintiff seeks monetary damages and all other appropriate relief.  (Ct. R., Doc. 4, p. 5.)  Relief under 29 U.S.C. §1132(a)(3) is only authorized for remedies which seek equitable relief, such as injunction, mandamus and restitution.  *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 257 (1993.)  Herein lies the crux of Defendant's argument:  that Plaintiff's complaint seeks only legal remedies; namely, to impose personal liability on Memorial to enforce a contractual reimbursement obligation to the Plan for the amount they received in benefits, and to recover reimbursement and restitution, which are damages at law.  (Ct. R., Dos. 18, p. 4.)  Memorial further argues that because the Plan's lawsuit is in essence a legal action, rather than an equitable one, it is outside the scope of section 502(a)(3) [29 U.S.C. § 1132(a)(3)] and that the Court lacks subject matter jurisdiction over the action.  (*Id.*)  Finally, Memorial argues that the amended complaint does not identify a particular corpus of funds in the possession of Memorial which purportedly belong to the Plan.  (*Id.*, p. 5.)

The Plan argues that there is a specifically identifiable fund for each of the participants which constitutes an overpayment made by the Plan to Memorial. (Ct. R. Doc. 18, pp. 8-10.) The Plan contends that it is seeking equitable reimbursement in this case. (*Id*.) Although not specifically stated, the amended complaint alleges two alternative bases for jurisdiction: (1) a statutory claim for equitable relief and (2) a federal common law claim of unjust enrichment.

I.      Lack of Subject Matter Jurisdiction

To determine whether the Plan has successfully pleaded a claim for equitable relief, the Court must determine whether the Plan seeks funds specifically identifiable, which belong in good conscience to the Plan, and that are within the possession and control of Memorial. *Bombadier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, P.C.*, 354 F.3d 348, 356 (5th Cir. 2003). In determining whether the nature of the monetary relief sought is equitable or legal, the court must consider whether the money sought is specifically identifiable "as belonging in good conscience to the plaintiff" and can "clearly be traced to particular funds or property in the defendant's possession." *Great-West,* 534 U.S. at 213.

According to an affidavit presented by Michael Ernst, director of business officer services at Memorial, when Memorial receives payments for services provided to patients of Memorial, the payments are deposited into one account, known as the cash account. (Ct. R., Doc. 18, Exh. A.) Any funds received from the Plan would be deposited into the cash account and commingled with money received from other sources. (*Id.*) Ernst also avers that any money that was received from the Plan would no longer be in Memorial's possession, but would have been used to satisfy Memorials operation expenses. (*Id*.) Although the court may enter "a constructive trust 'where money or property identified as belonging in good conscience to the plaintiff could be clearly traced to particular funds or property in the defendant's possession,' " this is no longer the case

-5-

here.  *Great-West,* 534 U.S. at  213.  Restitution in equity is not available, when "the property [sought to be recovered] or its proceeds have been dissipated so that no product remains." *Great-West,* 534 U.S. at 213.  When the property or its proceeds have been dissipated so that no product remains, the plaintiff's claim is only that of a general creditor.  *Great West*, 534 U.S. at 213-214; *Bombardier*, 354 F.3d at 355; *Bauhaus USA, Inc. v. Copeland,* 292 F.3d 439 (5th Cir. 2002).

In this case, Memorial has established that the property has been dissipated through commingling and use of the payments.  In addition, the Plan states that an audit was conducted but offers no further explanation regarding the audit, such as who performed the audit, and how the Plan determined that Memorial was allegedly overpaid for services.  The Court, therefore, concludes that the Plan cannot establish that there are particular funds in Memorial's possession to which the Plan is entitled to recover; that the property was dissipated so that no identifiable product remains; and that the Plan has not proven that it is in good conscience entitled to particular property in Memorial's possession.  Consequently, the Court finds that the claim for restitution is not equitable in nature.  The Court further finds that it lacks subject matter jurisdiction over the claim and that the claim should be dismissed.

II.     Unjust Enrichment

The Plan contends that Memorial was unjustly enriched by the alleged overpayment of the funds.  A party who retains funds "belonging in good conscience to another" is unjustly enriched at that other party's expense.  *Bombardier,* 354 F.3d at 360.  Federal courts do not have authority under ERISA to create federal common law when the ERISA statute "specifically and clearly addresses the issue before th[e] court."  *Mertens*, 508 U.S. at 255-8.

As discussed above, for a fiduciary's action to fall within section 502(a)(3)'s jurisdictional grant, it must seek recovery of (1) specifically identifiable funds, (2) that belong in good

-6-

conscience to the Plan, and (3) that are within the possession and control of Memorial. *Bauhaus*, 292 F.3d at 445. In granting relief the court must limit the recovery by imposing a constructive trust over only the transferred funds; it may not award "restitution of a sum certain" or find personal liability, both of which are impermissible legal remedies under section 1132(a)(3). *Cooperative Ben. Adm'rs, Inc. v. Ogden*, 367 F.3d 323, 332 (5th Cir. 2004). ERISA plan fiduciaries do not have a federal common law right to sue a beneficiary for legal (as distinct from equitable) relief on a theory of unjust enrichment or restitution. *Ogden*, 367 F.3d at 335. As such, the Court finds that Memorial's motion to dismiss for failure to state a claim should be granted. The Court further finds that Memorial's motion to dismiss should be granted. This finding renders the motions for summary judgment moot and the Court finds that those motions should be denied as such.

Conclusion

Pursuant to the foregoing, the Court finds that Memorial's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted [15-1] should be granted. The Court further finds that the motions for summary judgment [35-1, 37-1] filed by the parties in this case should be denied as moot. A separate order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date. Each party shall bear their respective costs associated with these motions.

THIS the 30th day of March, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE